# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JENNIFER STEVENSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22-CV-49 RLW |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's application for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (d)(1)(B).  (ECF No. 20). The Commissioner does not object to the request for attorney's fees but asserts that the amount should be payable to Plaintiff.

### *Background*

On January 13, 2022, Plaintiff Jennifer Stevenson filed the above-captioned cause of action challenging the denial of her application for disability insurance benefits under Title II of the Social Security Act. On March 28, 2023, the Court reversed the decision of the administrative law judge ("ALJ") and remanded the action for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  Following the order of remand, Plaintiff's counsel filed the present application for attorney's fees.

Plaintiff seeks attorney's fees for 18.9 hours of work done by attorney Jennifer Van Fossan at rates ranging from $223.83 to $244.16 per hour. The total amount of fees sought by plaintiff is Four Thousand Four Hundred Eighty-One Dollars and Fifty-Seven Cents ($4,481.57). Defendant

responded to Plaintiff's motion and did not oppose Plaintiff's request, although Defendant argues that the amount should be payable to Plaintiff, not her attorney.

*Discussion*

The Court finds the award of fees is proper in this case. Section 2412 of the Equal Access to Justice Act (EAJA) provides that a court:

> shall award to a prevailing party . . . fees . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). A plaintiff's attorney is entitled to fees if (i) plaintiff was the prevailing party, (ii) the fees were "incurred by that party in [the] civil action" in which the party prevailed, and (iii) the defendant's position was not substantially justified. Id. Plaintiff has met all of these requirements in the instant matter. Shalala v. Schaefer, 509 U.S. 292, 302 (1993) ("a party who wins a sentence-four remand order is a prevailing party.") The Court, therefore, will award Plaintiff fees in the amount of Four Thousand Four Hundred Eighty-One Dollars and Fifty-Seven Cents ($4,481.57). The award, however, shall be made payable to Plaintiff Jennifer Stevenson. See Astrue v. Ratliff, 560 U.S. 586, 593 (2010) "([the statute] 'awards' the fees to the litigant").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for attorney's fees is **GRANTED.** [ECF No. 20]

2

**IT IS FURTHER ORDERED** that Plaintiff is awarded attorney's fees in the amount of Four Thousand Four Hundred Eighty-One Dollars and Fifty-Seven Cents ($4,481.57).  The award shall be made payable to Jennifer Stevenson.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this   31st   day of October, 2023.